KANSAS CITY, M. & O. RY. CO. OF TEXAS v. GUINN.

(Court of Civil Appeals of Texas. Ft. Worth. March 30, 1912.)

1. RAILROADS (§ 345*)—ACCIDENT AT CROSSING—EVIDENCE.

In an action against a railroad company for personal injuries sustained in a crossing accident, where the only ground of negligence alleged related to the character of the crossing maintained, the admission in evidence of an ordinance making it unlawful to operate trains at a certain speed was error.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1113–1116; Dec. Dig. § 345.*]

2. TRIAL (§ 251*)—INSTRUCTIONS—CONFORMITY TO PLEADINGS AND ISSUES.

In an action against a railroad company for personal injuries at a crossing, where the only negligence alleged related to the character of the crossing maintained, the submission as a ground of recovery of the negligence of the company in operating its trains at a rate of speed in violation of a city ordinance was reversible error.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 587–595; Dec. Dig. § 251.*]

3. RAILROADS (§ 351*)—HIGHWAY CROSSING—MAINTENANCE—EXTENT OF DUTY.

An instruction that a railroad company was bound to maintain crossings in a safe condition for the passage of vehicles "of any kind or character" was misleading.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1193–1211, 1213–1215; Dec. Dig. § 351.*]

4. NEGLIGENCE (§ 141*)—CONFUSED OR MISLEADING INSTRUCTIONS.

A charge in an action for negligence, authorizing a recovery "provided such person should not be cut off from his claim for damages by reason of his own contributory negligence," is ambiguous and erroneous, since the jury might understand from it that contributory negligence would not prevent a recovery.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 382–399; Dec. Dig. § 141.*]

Appeal from Nolan County Court; Jno. J. Ford, Judge.

Action by G. W. Guinn against the Kansas City, Mexico & Orient Railway Company of Texas. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

H. S. Garrett, of Sweetwater, for appellant. Ed J. Hamner and Geo. T. Wilson, both of Sweetwater, for appellee.

SPEER, J. G. W. Guinn recovered judgment against the Kansas City, Mexico & Orient Railway Company of Texas in the sum of $75 for certain injuries to an automobile caused by a collision with one of defendant's trains. The collision occurred at a street crossing, and negligence was alleged in the matter of the character of the crossing maintained. The defendant company has appealed.

[1, 2] It is complained that the trial court erred in admitting in evidence an ordinance of the city of Sweetwater, in which city the accident occurred, showing the speed limit of trains within the city to be eight miles per hour, and making it unlawful to operate trains at a higher speed. The objection to the evidence was that no such negligence was alleged in the petition. The bill of exception is not sufficient to show what the ordinance was, though such ordinance is found in the statement of facts; but, since the cause must at all events be reversed for another error, we have not hesitated to notice this assignment, since the ruling complained of was certainly erroneous. The ruling which requires a reversal is the charge of the court submitting to the jury as a ground of recovery the negligence of appellant in running its train within the corporate limits of Sweetwater at a rate of speed in violation of the city ordinance. This was error, for the same reason that it was error to admit the ordinance in evidence; that is, there is no pleading to support it. We have no way of knowing that the verdict was not returned upon this false issue.

[3, 4] We think the evidence called for the submission of the requested charge on the issue of contributory negligence in respect to the use of mud chains, and in respect to the appellee's failure to signal the approaching train when he discovered his engine was dead and his automobile fast on the track. Furthermore, the main charge submitted was misleading, in that it imposed upon appellant the duty to use reasonable care to maintain its crossing in a safe condition for the passage of vehicles "of any kind or character," which might be too great a burden, and

contained·language which was so ambiguous as possibly to induce the jury to believe that appellee would not be cut off from his damages, even though he should be found guilty of contributory negligence. That portion of the charge referred to reads: "Provided such person should not be cut off from his claim for damages by reason of his own contributory negligence." The trial court perhaps meant to say, "Provided such person has not been guilty of contributory negligence."

For the errors discussed, the judgment is reversed, and the cause remanded.